UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER DANIEL BROWN,

    Plaintiff,

v.                                             Case No. 15-cv-238-pp

ALEXANDRIA COBB and
LORI JOHSNON,

    Defendants.

---

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 35) AND DISMISSING CASE**

---

Plaintiff Christopher Daniel Brown, a former Wisconsin state prisoner who is representing himself, filed a case under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the hospital after his arrest on May 26, 2014. The court screened the plaintiff's amended complaint under 28 U.S.C. §1915A, and allowed him to proceed on Fourth Amendment claims that the defendants drew his blood without his consent. Dkt. No. 10 at 8-9.

On October 7, 2016, defendants Alexandria Cobb and Lori Johnson filed a motion for summary judgment. Dkt. No. 35. Defendant Keith Radar filed a separate motion for summary judgment that same day. Dkt. No. 40. The court granted Radar's motion, after concluding that he had not been acting under the color of state law when he ordered the plaintiff's blood to be drawn. Dkt. No. 57.

1

Cobb and Johnson also argued that they were not state actors, but the court concluded that they had failed to provide the court with sufficient evidence to support that assertion. Dkt. No. 57 at 15. For that reason, the court could not rule on their motion for summary judgment. It gave Cobb and Johnson additional time to submit evidence to support their argument. They did so on May 4, 2018. Now that the court has reviewed the additional evidence they provided, the court will grant Cobb's and Johnson's motion for summary judgment, and will dismiss the case.

## I. RELEVANT FACTS

The court described the relevant facts in its March 30, 2018 decision. Dkt. No 57 at 4-9. It incorporates those facts into this decision.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed, or is genuinely disputed, must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Color of Law

"When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 822 (7th Cir. 2009). "At its most basic level, the state action doctrine requires that a court find such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself." Id. at 823 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

"Whether a medical provider is a state actor is a functional inquiry, focusing on the relationship between the state, the medical provider, and the

3

prisoner." Shields v. Ill. Dept. of Corrs., 746 F.3d 782, 797 (7th Cir. 2014) (citing Rodriguez, 577 F.3d at 826). In Shields, the Seventh Circuit drew a distinction between (1) a business that contracts to provide medical care to prisoners and thus acts under the color of state law, and (2) "medical providers who have 'only an incidental or transitory relationship' with the penal system generally [and] are not considered state actors." Id. at 797-98 (citing Rodriguez, 577 F.3d at 827.

C.   Johnson and Cobb

Johnson and Cobb argue that they were not acting under the color of state law when they followed Radar's order to draw the plaintiff's blood. Johnson has provided evidence that she was a registered nurse employed by Aurora Health Care Metro, Inc., working in the emergency room at Aurora St. Luke's South Shore Hospital. Dkt. No. 58 at ¶1. Cobb has provided evidence that she was an emergency room technician employed by Aurora Health Care Metro, Inc., also working in the emergency room at Aurora St. Luke's South Shore Hospital. Id. at ¶4.  Johnson and Cobb assert that they were not employed by, and did not have any contractual relationship with, a police department or governmental agency. Id. at ¶2, 5. Further, Johnson and Cobb assert that they performed the blood draw because Radar, who was the doctor treating the plaintiff, ordered the blood draw. Id. at ¶10.

The plaintiff did not submit any evidence that contradicts or disputes Johnson's and Cobb's showing that they were not state actors, nor did he

4

submit any evidence that contradicts or disputes their assertion that they performed the blood draw on Radar's order.

In its March 30 order, the court discussed at length why the plaintiff's arguments on this point did not have merit; the court will not repeat that discussion in this decision. See Dkt. No. 57 at 13-15. The plaintiff has not presented any evidence to show that there is a genuine dispute as to whether Johnson and Cobb were state actors. Because the undisputed evidence demonstrates that neither Cobb nor Johnson were state actors when they drew the plaintiff's blood, they are entitled to judgment as a matter of law.

### III. CONCLUSION

The court **GRANTS** the defendants' motion for summary judgment. Dkt. No. 35. The court **DISMISSES** this case and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**