UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER DANIEL BROWN,

                Plaintiff,

v.                                                         Case No. 15-cv-238-pp

ALEXANDRIA COBB, *et al.*,

                Defendants.

**ORDER DENYING THE PLAINTIFF'S MOTION
FOR RECONSIDERATION (DKT NO. 61)**

On March 30, 2018, the court granted defendant Rader's motion for summary judgment, and dismissed Rader from the case. Dkt. No. 57. On July 12, 2018, the court granted the remaining defendants' motion for summary judgment. Dkt. No. 59. The court entered judgment on July 12, 2018. Dkt. No. 60. A couple of weeks later, the court received this motion to reconsider from the plaintiff. Dkt. No. 61.

The plaintiff does not cite a rule in support of his motion to reconsider, and none of the Federal Rules of Civil Procedure refer to motions to reconsider. There are two rules that parties use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

1

The plaintiff filed his motion fifteen days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff repeats in his motions the arguments he made in his response to the defendants' summary judgment motions—he disagrees with the court that the medical defendants did not draw his blood at the behest of the law enforcement officers; he argues that they could have given him the opportunity to refuse the blood draw; he argues that they violated his HIPPA rights (which is not a cause of action under §1983). He asserts that the medical defendants would not have drawn his blood had the police not taken him to the

hospital and restrained him, but as the court explained in its rulings, this isn't the test. The plaintiff's disagreement with the court's decision is not sufficient to demonstrate a manifest error of law. The court will deny the plaintiff's motion to the extent that it is a motion to alter or amend the judgment under Rule 59(e).

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff's motion does not convince the court that it made a mistake. As the court has noted, it considered the arguments the plaintiff makes in the motion when it granted summary judgment; nothing in the motion to reconsider convinces the court that it erred in its analysis of the facts or its application of the law.

The plaintiff has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the judgment by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been

3

satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, the subsection (b)(6) "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not presented such extraordinary circumstances. The court will deny the plaintiff's motion for reconsideration to the extent that it is a motion for relief from judgment under Rule 60(b).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 61.

Dated in Milwaukee, Wisconsin, this 19th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**